UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | |
|---|---|
| **JILL CARUSO**, Individually | ) |
| Plaintiff, | ) Case No. 3:22-cv-278 |
| v. | ) |
| **KE JIA ZHEN ENTERPRISES, L.L.C.,** an Ohio limited liability company**,** | ) Judge: |
| Defendant. | ) |

**COMPLAINT FOR DAMAGES AND EQUITABLE RELIEF**

Plaintiff, Jill Caruso, individually, (hereinafter referred to as "Plaintiff"), by and through the undersigned counsel, Owen B. Dunn, Jr. and Valerie J. Fatica, Co-Counsel for Plaintiff, hereby files this Complaint against Defendant, KE JIA ZHEN ENTERPRISES, L.L.C., an Ohio limited liability company for injunctive relief, damages, attorneys' fees, litigation expenses, and costs pursuant to the Americans with Disabilities Act, 42 U.S.C. § 12181 *et seq.* ("ADA"), alleging as follows:

**JURISDICTION AND VENUE**

1. This action is brought by the Plaintiff, Jill Caruso, individually, and on behalf of individuals similarly situated, pursuant to the enforcement provision of the American with Disabilities Act of 1990 ("ADA"), 42 U.S.C. § 12188(a), against the Defendant as delineated herein.

2. The Court has jurisdiction pursuant to the following statutes: 28 U.S.C. § 1331, which governs actions that arise from the Defendant's violations of Title III of the ADA, 42 U.S.C. § 12181, *et seq.*; 28 U.S.C. § 1331, which gives the District Courts original

jurisdiction over civil actions arising under the Constitution, laws, or treaties of the United States; 28 U.S.C. § 1343(3) and (4), which gives District Courts jurisdiction over actions to secure civil rights extended by the United States government; and 28 U.S.C. § 1367, as Count II utilizes the same core of operative facts as Count I, and is therefore subject to supplemental jurisdiction.

3. Venue is proper in the Northern District of Ohio as venue lies in the judicial district of the property *situs*. The Defendant's property and operations complained of by Plaintiff are located in this judicial district, where the business of public accommodation is conducted, including the acts complained of herein.

## PARTIES

4. Plaintiff, Jill Caruso ("Plaintiff"), is a Monroe County, Michigan resident, is *sui juris*, and qualifies as an individual with disabilities as defined by the ADA, 42 U.S.C. § 12102(2), 28 C.F.R. 36.104.

5. Defendant KE JIA ZHEN ENTERPRISES, L.L.C. owns and operates a shopping plaza located at 4735 Monroe St., Sylvania, OH 43560 in Lucas County, Ohio. Plaintiff patronized Defendant's plaza most recently on June 8, 2021 and on previous occasions as a place of public accommodation.

6. Upon information and belief, the shopping plaza owned or operated by the Defendant was originally built by the Defendant commencing in 1999 and granted permits for occupancy in 2000 and is non-compliant with the remedial provisions of the ADA for newly designed and constructed or altered facilities. Full compliance with the implementing regulations of the ADA is required for this shopping plaza unless it would be structurally impracticable in which case compliance is required to the extent that it is

not structurally impracticable.

7. The shopping plaza owned and operated by Defendant is non-compliant with the remedial provisions of the ADA. As Defendant owns, leases, leases to, or operates a place of public accommodation as defined by the ADA and the regulations implementing the ADA, 28 CFR 36.201(a) and 36.104, Defendant is responsible for complying with the obligations of the ADA.  Defendant's shopping plaza, as a place of public accommodation, fails to comply with the ADA and its regulations, as also described further herein.

8. Plaintiff, JILL CARUSO is diagnosed with spina bifida and qualifies as an individual with disabilities as defined by the ADA.  Plaintiff uses a wheelchair for mobility.  As such, she is substantially limited in performing one or more major life activities, including but not limited to, standing and walking, as defined by the ADA and its regulations thereto.

9. Plaintiff has a realistic, credible, existing and continuing threat of discrimination from the Defendant's non-compliance with the ADA with respect to this property as described but not necessarily limited to the allegations contained in this complaint.  Plaintiff has reasonable grounds to believe that she will continue to be subjected to discrimination in violation of the ADA by the Defendants. Plaintiff desires to visit the Defendant's place of business again on future occasions.

10. The Defendant has discriminated against the individual Plaintiff by denying her access to the full and equal enjoyment of the goods, services, facilities, privileges, advantages and/or accommodations of the buildings, as prohibited by 42 U.S.C. § 12182 *et seq.*

11. The Defendant has discriminated, and are continuing to discriminate, against the Plaintiff

in violation of the ADA by failing to, *inter alia*, have accessible facilities by January 26, 1992 (or January 26, 1993, if Defendant has 10 or fewer employees and gross receipts of $500,000 or less).

12. A preliminary inspection of the shopping plaza owned and operated by KE JIA ZHEN ENTERPRISES, L.L.C., has shown that many violations of the ADA exist. These violations include, but are not limited to:

    A. There is not the required number of designated accessible parking spaces, in violation of the ADA whose remedy is readily achievable.

    B. There are no van accessible parking spaces, in violation of the ADA whose remedy is readily achievable.

    C. Designated accessible parking is not dispersed throughout the plaza to serve the multiple retail entrances, in violation of the ADA whose remedy is readily achievable.

    D. Designated accessible parking spaces lack required signage, in violation of the ADA whose remedy is readily achievable.

    E. There are no adjacent access aisles for the existing designated accessible parking spaces, in violation of the ADA whose remedy is readily achievable.

    F. Designated accessible parking is located on an excess slope, in violation of the ADA whose remedy is readily achievable.

    G. Designated accessible parking spaces do not lead to an accessible route due to the presence of curbs, in violation of the ADA whose remedy is readily achievable.

    H. There is no accessible route from parking to the shopping plaza retail entrances due the existing ramp containing excess slope, in violation of the ADA whose remedy is readily achievable.

    I. There is no accessible route of travel from the public way (public streets, sidewalks and public transportation stops) making it difficult for the Plaintiff to traverse, in violation of Section 206.2.1 in the 2010 ADA Standards, whose resolution is readily achievable.

    J. There is no accessible route into the Euro Pantry carryout due to no or insufficient required latch side maneuvering clearance at the interior entrance door, in violation of

    the ADA whose remedy is readily achievable.

K. Retail establishments, including Euro Pantry, have door hardware that requires tight grasping or twisting to operate, in violation of the ADA whose remedy is readily achievable.

<u>Policies and Procedures</u>

L. The operator lacks or has inadequately defined policies and procedures for the assistance of disabled patrons, including the lack of a policy to maintain its accessible features, in violation of the ADA whose remedy is readily achievable.

13. The discriminatory violations described in Paragraph 12 by the facility are not an exhaustive list of the Defendant's ADA violations. Plaintiff requires further inspection of the Defendant's place of public accommodation in order to photograph and measure all of the discriminatory acts violating the ADA and all of the barriers to access. The individual Plaintiff, and all others similarly situated will continue to suffer such discrimination, injury and damage without the immediate relief provided by the ADA as requested herein.

<b><u>COUNT I</u></b>
<b><u>VIOLATION OF THE AMERICANS WITH DISABILITES ACT</u></b>

14. Plaintiff restates the allegations of ¶¶1-13 as if fully rewritten here.

15. The shopping plaza, as owned by Defendant, is a public accommodation and service establishment, and as such, must be, but is not, in compliance with the Americans with Disabilities Act ("ADA") and Americans with Disabilities Act Accessibility Guidelines ("ADAAG").

16. Plaintiff was unlawfully denied full and equal enjoyment of the goods, services, facilities, privileges, and advantages of the property on the basis of disability due to Defendant's failure to comply with Title III of the Americans with Disabilities Act and its accompanying regulations, as prohibited by 42 U.S.C. § 12182, *et seq*. Defendant will

continue to discriminate against Plaintiff and others with disabilities unless and until Defendant is compelled to remove all physical barriers that exist at the facility, including those specifically set forth herein, and make the facility accessible to and usable by persons with disabilities, including Plaintiff.

17. The Plaintiff, and others similarly-situated, is presently without adequate remedy at law and is damaged by irreparable harm. Plaintiff reasonably anticipates that he will continue to suffer irreparable harm unless and until Defendant is required to remove the physical barriers, dangerous conditions, and ADA violations that exist at the Facility, including those set forth herein.

18. Pursuant to 42 U.S.C. §12188, Plaintiff requests that the Court issue an injunction requiring Defendant to make such readily achievable alterations as are legally required to provide full and equal enjoyment of the goods, services, facilities, privileges, and advantages on its property to disabled persons. In connection with that relief, Plaintiff requests reasonable attorney's fees and costs of maintaining this action.

## COUNT II
## VIOLATION OF OHIO DISABILITY DISCRIMINATION LAW
## O.R.C. §4112.01 et seq.

19. Plaintiff restates the allegations of ¶¶1-18 as if fully rewritten here.

20. The shopping plaza and the retail spaces within, as owned by Defendant, is a "place[s] of public accommodation" pursuant to O.R.C. § 4112.01(A)(9).

21. Defendant committed an unlawful act pursuant to O.R.C. § 4112.02(G) by denying Plaintiff full enjoyment of its accommodations, advantages, facilities, or privileges. Defendant's acts are willful, severe and ongoing. WHEREAS, since the new construction and purchase of the property in 1999, the Defendant failed to originally

build the shopping plaza consistent with the applicable Ohio law or to later conduct required barrier removal for access to the shopping plaza by disabled customers, failed to survey its property for accessibility violations and has knowingly and willfully ignored the remedy of known barriers to handicap access. The aforementioned barriers and actions have caused harm to the Plaintiff.

22. Pursuant to O.R.C. §4112.99, Plaintiff is entitled to compensatory and punitive damages, and attorneys' fees and costs, in an amount to be determined at trial, but in any event not less than $25,000.00, as well as issuance of an injunction requiring Defendant to allow full and equal enjoyment of its goods, services, facilities, privileges, and advantages to disabled persons.

**WHEREFORE**, Plaintiff demands,

For **COUNT I**, an injunction requiring Defendant to make all readily achievable alterations and institute policies and procedures to allow full and equal enjoyment of the goods, services, facilities, privileges, and advantages to disabled persons, and the reasonable attorneys' fees and costs of maintaining this action; and,

For **COUNT II**, compensatory and punitive damages, in an amount to be determined at trial, but in any event not less than $25,000.00, as well as issuance of an injunction requiring Defendant to allow full and equal enjoyment of the goods, services, facilities, privileges, and advantages to disabled persons.

Respectfully Submitted,

*Counsel for Plaintiff:*

/s/ Owen B Dunn Jr.
Owen B. Dunn, Jr., Esq. (0074743)
Law Offices of Owen Dunn, Jr.
The Ottawa Hills Shopping Center

4334 W. Central Ave., Suite 222
Toledo, OH 43615
(419) 241-9661 – Phone
(419) 241-9737 - Facsimile
dunnlawoffice@sbcglobal.net

and

Valerie J. Fatica (0083812)
4334 W. Central Ave., Suite 222
Toledo, OH 43615
(419) 654-1622 – Phone
(419) 241-9737 - Facsimile
Email: valeriefatica@gmail.com